```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ALABAMA
                     JASPER DIVISION

TONYA LYNN GARCIA,              )
                                )
     Claimant                   )
                                )
v.                              )Civil Action No.: 6:12-CV-0558-WMA
                                )
CAROLYN W. COLVIN,              )
Acting Commissioner of          )
Social Security,                )
                                )
     Defendant.                 )
```

**MEMORANDUM OPINION**

Claimant, Tonya Lynn Garcia ("claimant"), brings this action challenging the decision of defendant, the Commissioner of the Social Security Administration, to deny the disability benefits she claims under the Social Security Act, 42 U.S.C. § 301 *et seq*. For the reasons that follow, the decision of defendant will be affirmed.

Claimant suffers from a range of physical and mental impairments, including degenerative disk disease in her lower back, degenerative joint disease in one knee, morbid obesity, bi-polar disorder, and severe learning disabilities resulting in functional illiteracy.  She worked as a door finisher from 2003-2006 and a house cleaner in 2009, but has not worked since 2009.  In March, 2010, she filed a claim for social security disability benefits. The Social Security Administration ("SSA") denied her initial claim, and after a hearing on the matter, an Administrative Law Judge ("ALJ") concurred that claimant's impairments did not rise to

the level of disability.  Claimant appealed the ALJ's decision to the Social Security Appeals Council, and, failing there, to this court.

This court's review of the ALJ decision is limited.  The court must affirm so long as the ALJ applied the correct law, *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997), and based her decision on substantial evidence, 42 U.S.C. § 405 ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . .").

Claimant insists that the ALJ must be reversed because she failed to adhere to the mandates of two of the Social Security Rulings ("SSRs") promulgated by the SSA for resolving social security claims.[1]  First, claimant argues that the ALJ failed to follow SSR 00-4P, 2000 WL 1898704 (Dec. 4, 2000).  According to that SSR, testimony of a vocational expert testimony "generally should be consistent with the occupational information supplied by the [SSA's 'Dictionary of Occupational Titles' ('DOT')]," and in cases of conflict between the two, "the adjudicator must elicit a reasonable explanation for the conflict before relying on the [vocational expert] evidence."  *Id.* at *2.  In this case, the vocational expert at claimant's hearing testified that a person who

---

[1] Despite claimant's indications to the contrary, the court concludes both alleged errors should be reviewed as errors of law because both deal with the ALJ's alleged failure to follow specific rules set out in the SSRs.

2

could not "be required to read instructions, to read or prepare written reports, [or to] perform mathematical calculations at the job site" could nonetheless perform "all of the past work of claimant." R. at 79-80. The DOT, on the other hand, assigns house cleaning a reasoning level of "2," which requires the ability to carry out written instructions.

While the court agrees with claimant that the vocational expert's testimony was inconsistent with the DOT, the court finds that the inconsistency was not relevant to the question before the ALJ, and thus did not constitute reversible error. Claimant's mental impairments have been with her for her entire life, and did not prevent her from working for several years in the past. The primary question in this case was whether the onset of **physical** disabilities, especially the deterioration of claimant's back and knee, truly made it impossible for her to continue working in her past jobs.[2] On that question, the ALJ explicitly concluded that the impairments were not disabling. *See* R. at 20. The court cannot now set aside the ALJ's conclusion based on a technical

---

[2] Claimant's mental impairments are of course relevant to the secondary question whether, **if** claimant's physical condition **was** disabling, her mental condition would prevent her from obtaining **other jobs**. *See* R. at 80-81 (testimony of vocational expert that a person in claimant's position with "the need to alternate sitting and standing at the job site in 30 minute increments" would be unable to find work because "the jobs . . . that allow for a sit/stand option require more than a third grade reading level"). But on this relevant question, the vocational expert's testimony about other jobs was consistent with the DOT.

3

error found on an irrelevant, and thus harmless, topic.

Second, claimant argues that the ALJ failed to follow SSR 06-03p. SSR 06-03p requires that "evidence of a disability decision by another governmental or nongovernmental agency cannot be ignored and must be considered." 2006 WL 2329939, at *6 (S.S.A. Aug. 9, 2006). In this case, the Alabama Department of Rehabilitation Services emphatically concluded that claimant's impairments were complete barriers to employment. *See* R. at 208-09. However, claimant's reading of the SSR is incomplete. SSR 06-03p expressly incorporates 20 C.F.R. § 404.1504, which states that a "decision by . . . any other governmental agency about whether you are disabled or blind is based on its rules and is not our decision about whether you are disabled . . . ." Thus, while the ALJ was required to consider the state agency determination in this case, she was not required to accept it or follow it. The ALJ acted within her authority. She described the state agency determination in great detail, *see* R. at 15-20, but ultimately concluded it was entitled only to "[l]imited weight" because it was inconsistent with other evidence, R. at 20.

Because the ALJ did not commit any legal error, the only remaining question is whether her conclusion was based on substantial evidence. The evidence in this case is deeply unclear and troubling. On the one hand, claimant indisputably has a long, well-chronicled history of serious medical problems. *See* R. at

4

238-320, 377-91. There is no evidence that she has faked symptoms, and the court personally has no doubt that she must deal with constant pain. On the other hand, there is no evidence that claimant's pain worsened during the years leading up to her leaving her job, *see* R. at 238-320 (doctors' reports showing consistent pain levels of about 7), she did not show pain at her state agency evaluation, *see* R. at 208, and she remains capable of performing daily activities like cooking for herself and her children, cleaning her own house, and driving, *see* R. at 62, 66-68. In cases like this, the conclusion this court would draw from the evidence is not what is important. What is not only important but dispositive is the fact that the ALJ weighed the evidence, *see* R. at 19-20, and drew her own conclusion from it. The ALJ, unlike this court, actually viewed the claimant. Her conclusion is entitled to deference. *See Moore v. Barnhart*, 405 F.3d 1208, 1212 (11th Cir. 2005) ("[C]redibility determinations are the province of the ALJ."); *Wilson v. Heckler*, 734 F.2d 513, 517 (11th Cir. 1984) ("The ALJ determines the disabling nature of pain.").

If this court were looking at this case *de novo*, the aggregation of serious physical and mental impairments, including the assured lack of mobility and agility in a woman 5'3" in height with a weight of 280 pounds, would cause a different result, but this court is strictly precluded from substituting its judgment for that of the ALJ when there was substantial evidence upon which she

5

could find what she found.

For these reasons, this court concludes the decision of the Commissioner is to be AFFIRMED.  The court will enter a separate order to that effect simultaneously.

DONE this 17th day of December, 2013.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE